IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION HATTIESBURG

| | | |
|---|---|---|
| THE DEWEY STREET CHURCH OF CHRIST D/B/A CHURCH OF CHRIST | | PLAINTIFF |
| vs. | CIVIL ACTION NO. | 2:19-cv-12-KS-MTP |
| CHURCH MUTUAL INSURANCE COMPANY, | | DEFENDANT |

## PLAINTIFF'S ORIGINAL COMPLAINT
### (JURY TRIAL DEMANDED)

COME NOW, **THE DEWEY STREET CHURCH OF CHRIST D/B/A CHURCH OF CHRIST** (hereinafter, referred to as Plaintiff), and files this, its **Original Petition**, and for causes of action against **CHURCH MUTUAL INSURANCE COMPANY ("CHURCH MUTUAL")** (hereinafter, referred to as "Defendants"), would show unto the Court and the jury the following:

### PARTIES AND SERVICE OF PROCESS

1. Plaintiff owns the property that is the subject of this lawsuit and is situated in **Forrest** County, Mississippi.

2. Defendant, **CHURCH MUTUAL** is an insurance company registered to engage in the business of insurance in the state of Mississippi. This Defendant may be served with personal service by a process server, by serving its Registered Agent, **United States Corporation, 7716 Old Canton Road, Suite C., Madison, MS 39110.**

### STATUTORY AUTHORITY

3. This suit also brought in part, under the Miss. Code Ann. § 75-1-304 and Miss. Code Ann. § 11-1-65.

1

## JURISDICTION

4.	This Honorable Court maintains subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship between the parties. The amount in controversy exceeds the minimum jurisdictional limits.

## VENUE

5.	This Honorable Court maintains venue under 28 U.S.C. § 1391. Church of Christ's building at issue remains in this Judicial District at Forrest County, Mississippi.

## NOTICE AND CONDITIONS PRECEDENT

6.	Defendants have been provided notice, in writing, of the claims made by Plaintiff in this petition, including a statement of Plaintiff's actual damages and expenses in the manner and form required.

7.	All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policy in question have been performed, occurred, or have been waived by Defendants.

## FACTS

8.	This lawsuit arises out of the following transactions, acts, omissions, and/or events. On or about January 20, 2017, Plaintiff's property sustained damages to its buildings as a result of windstorm/hailstorm.

9.	Plaintiff submitted a claim to Defendant, **CHURCH MUTUAL** pursuant to the contract of insurance for damages as a result of the hailstorm.

10.	Defendant, **CHURCH MUTUAL** assigned Phillips & Associates, to properly investigate and evaluate the claim.

11. Defendant, **CHURCH MUTUAL** and/or Phillips & Associates acknowledged Plaintiff's claim and assigned a claim number of **1308105.**

12. Defendant, **CHURCH MUTUAL** and/or Phillips & Associates assigned Billy Little, to properly investigate and evaluate the claim.

13. On or about January 30, 2017, Mr. Little performed an inspection of the subject insured property and evaluation of the damages.

14. Integrity Claims completed an initial estimate on the property in the amount of $155,727.30 and submitted it to Defendant.

15. On or about April 7, 2017, Defendant, **CHURCH MUTUAL** sent a letter to Plaintiff stating they have completed the analysis. Based on Mr. Little's investigation, he noted new wind damage to the walkway awning, eastern roof slopes, and missing vinyl fascia on the west side. He also observed new water spots in the sanctuary and classroom 1. There was no wind damage observed to the newly replaced west slope.

16. **CHURCH MUTUAL** also stated Mr. Little's noted areas of damage that were noted in the 2015 claim still exist. Damage found to the east brick wall is the same damage that was documented in the 2015 claim and determined to be from earth movement. Interior damage noted in the women's restroom during the 2015 claim was noted to be painted over. In the sanctuary, two of the eight ceiling tiles that were previously noted to have damage not have larger water spots, and a water spot had formed on the sanctuary carpet below them.

17. **CHURCH MUTUAL** partially denied the claim and only provided payment based on the Phillips & Associates estimate provided by Mr. Little with the amount of damages totaling $17, 850.83 (after depreciation of $3,335.55).

3

18. Defendant, **CHURCH MUTUAL** nor anyone of behalf of Phillips & Associates and/or Mr. Little performed any additional inspections of the subject property in order to obtain a second opinion regarding the wind/hail damages to the roof. **CHURCH MUTUAL** ignored the information provided by the public adjuster and chose simply to only rely on its own consultant.

## CAUSES OF ACTION AGAINST DEFENDANT, CHURCH MUTUAL - COUNT I - BREACH OF CONTRACT

19. Plaintiff and Defendant **CHURCH MUTUAL** executed a valid and enforceable written insurance contract providing insurance coverage to the insured location at 531 Helveston Rd., Hattiesburg, MS 39401 from the peril of windstorm and hailstorm among other perils.

20. All damages and loss to Plaintiff's property were caused by a direct result of a peril for which Defendant **CHURCH MUTUAL** insured Plaintiff pursuant to the policy herein, specifically, the peril of windstorm/hailstorm resulting in property damage to the subject insured property.

21. Defendant, **CHURCH MUTUAL** sold the subject insurance policy to Plaintiff insuring the subject insured property in it's "as is" condition.

22. Plaintiff suffered a significant loss of property damage with respect to the property at issue and additional expenses as a result of the windstorm/ hailstorm damage.

23. Plaintiff submitted a claim to Defendant, **CHURCH MUTUAL** pursuant to the contract of insurance for damages as a result of the windstorm/ hailstorm damage.

24. Plaintiff provided Defendant, **CHURCH MUTUAL**, with proper notice of damage to the exterior and interior of the subject insured property.

25. Defendant, **CHURCH MUTUAL** nor anyone of behalf of **CHURCH MUTUAL** performed any additional inspections of the subject property in order to obtain a second opinion regarding the hail damages to the roof. **CHURCH MUTUAL** ignored the information provided by the public adjuster, Integrity Claims and chose simply to only rely on its own consultant.

26. **CHURCH MUTUAL** by and through its adjusters Phillips & Associates and Mr. Little have failed to properly evaluate the damages resulting from the covered cause of loss, wind/hail.

27. **CHURCH MUTUAL** by and through its adjusters, Phillips & Associates and Mr. Little failed to retain the appropriate experts and/or consultants to evaluate the wind/hail damages to the subject property.

28. As of this date, **CHURCH MUTUAL** by and through its adjusters, Phillips & Associates and Mr. Little have failed to pay in full for the wind/hail damages to Plaintiff's property.

29. Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the Defendant, **CHURCH MUTUAL,** insurance policy.

30. Defendant, **CHURCH MUTUAL,** acting through its agents, servants, representatives and employees has failed to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

31. Defendant, **CHURCH MUTUAL,** has failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered claim, choosing instead to

hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

32. **CHURCH MUTUAL** ignored the information provided by Plaintiff's public adjuster during the handling of the claim and did not make any additional payment.

33. **CHURCH MUTUAL** failed to make any additional payment after receipt of the additional information from the public adjuster.

## COUNT II – BAD FAITH

34. Plaintiff hereby incorporates and adopts by reference all of the facts, statements and allegations set forth in the preceding paragraphs of this Complaint.

35. Defendant is an entity that is required to comply with Miss. Code Ann. § 75-1-304.

36. Defendant wrongfully, intentionally, recklessly and/or willfully refused, and continues to refuse, to pay the benefits due to Plaintiff under the policy of insurance covering the subject property. The failure of Defendant to pay Plaintiff the benefits due constitutes a breach of the terms and conditions of the subject policy.

37. Defendant has acted with malice, gross negligence and exhibited a reckless disregard for Plaintiff's rights by intentionally and maliciously denying payment of Plaintiff's claim. Defendant further acted with malice, gross negligence, and exhibited a reckless disregard for Plaintiff's rights when Defendant's actions, omissions and course of egregious conduct were intentional and amounted to such gross negligence as to evidence reckless disregard for the Plaintiff's rights.

38. Defendant breached duties owed to Plaintiff to investigate all relevant information and make a realistic evaluation of the claim. Such conduct constitutes negligence, gross negligence, malice and/or reckless disregard for the rights of Plaintiff in the following respects, as well as others to be shown at trial:

    (a) Conducting a grossly inadequate investigation of the claim; and

    (b) Willful and grossly negligent refusal to make a realistic evaluation of the claim; and

    (c) Willful and grossly negligent failure to provide a justifiable basis for denying the claim; and

    (d) Other independent acts to be shown at trial.

39. Defendant, knowing that Plaintiff's claim was wholly valid and should be paid, wrongfully, intentionally, recklessly, grossly negligently, and/or negligently, and in breach of the implied covenant of good faith and fair dealing, withheld and denied benefits due to Plaintiff. In denying Plaintiff's benefits, Defendant has acted intentionally, recklessly, grossly negligently, and/or in bad faith, and unreasonably in the following respect, among others to be shown at trial:

    (a) Refusing to pay unto Plaintiff the benefits due at a time when Defendant knew Plaintiff was entitled to the proceeds of said insurance policy; and

    (b) Failure to make prompt and sufficient investigation or request for information or explanation before refusing to pay benefits validly due under the insurance policies; and

    (c) Failure to provide Plaintiff with any reasonable or justifiable basis for denying Plaintiff's claim for benefits in relation to the insurance policies, the facts and the applicable law; and

    (d) Other respects to be shown at trial.

40. **CHURCH MUTUAL** through its agents, employees, or consultants failed to request its employees, agents, or consultants to perform proper testing of the building

components at the subject insured property in order to properly evaluate the extent and value of damages resulting from the hail storm/wind storm event of January 20, 2017.

41.     **CHURCH MUTUAL** through its agents, employees, or consultants failed to request its employees, agents, or consultants to obtain a second opinion to confirm the extent and value of damages to the subject property and failed to consider and/or determine whether the information submitted by the insured's public adjuster, Integrity Claims, was accurate or inaccurate.

42.     Defendant misrepresented the insurance policy to the Plaintiff.

(1) making an untrue statement of material fact; **CHURCH MUTUAL** through its agents, employees, or consultants prepared an estimate of damages that was also misleading as to the value of damages to the subject property stating the damages were well below the actual damage amount.

(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; **CHURCH MUTUAL** through its agents, employees, or consultants failed to advise Plaintiff that it failed to perform proper testing of the building components in order to more accurately investigate and evaluate the damages resulting from the covered peril of hail storm/windstorm and for this reason, the damages were well below actual damage amount.

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; **CHURCH MUTUAL** through its agents, employees, or consultants advised Plaintiff and its public adjuster, Integrity Claims, that it had already investigated and evaluated the damages to the subject property resulting from the January 20, 2017 hail storm/windstorm thereby misleading the Plaintiff that a proper and complete investigation had been performed.

(4) Defendant's unfair settlement practice in failing to conduct a proper and thorough evaluation, failing to perform adequate testing of building components to more accurate investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the building components and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate proof of loss and damage estimate resulted in Defendant's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

## COUNT III – TORTIOUS BREACH OF CONTRACT

43.  Plaintiff hereby incorporates and adopts by reference all of the facts, statements and allegations set forth in the preceding paragraphs of this Complaint.

44.  Defendant has breached its contractual obligations to Plaintiff in the following respects:

- (a) Failure to make payments to Plaintiff at a time when Defendant knew Plaintiff was entitled to said benefits under said insurance policies; and

- (b) Refusal to honor the claim of Plaintiff's without a legitimate or arguable reason; and

- (c) Refusal to honor the claim of Plaintiff's for reasons contrary to the express provisions of the policies; and

- (d) Willfully, and in bad faith, using the fact of the unequal wealth and bargaining position of the parties to effect economic gain for Defendant and;

- (e) By other acts or omissions of Defendant.

45.  Specifically, Defendant failed to timely conduct a proper investigation of the damages to the subject property resulting from a covered peril of hail

storm/windstorm of January 20, 2017 resulting in a delay of payment of adequate insurance benefits as contracted under the insurance policy between the parties.

46.     Defendant's failure to give adequate consideration to the information provided by Plaintiff's public adjuster and failure to re-inspect the subject property to re-evaluate its initial findings regarding its investigation and evaluation of damages to the subject property resulted in additional delay of payment of the claim after having sufficient information to make payment for such claim.

47.     **CHURCH MUTUAL** ignored the information provided by Plaintiff's public adjuster during the handling of the claim and did not make any additional payment.

48.     **CHURCH MUTUAL** failed to make any additional payment after receipt of the additional information from the public adjuster.

## COUNT IV - BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

49.     Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to it's insured pursuant to the insurance contract and in direct contradiction of the applicable industry standards of good faith and fair dealing.

50.     Defendant failed to conduct a proper and thorough evaluation, failing to perform adequate testing of building components to more accurate investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the building components and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate proof of loss and damage estimate.

51.     Defendant's failure, as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing

full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

52. **CHURCH MUTUAL** ignored the information provided by Plaintiff's public adjuster during the handling of the claim and did not make any additional payment.

53. **CHURCH MUTUAL** failed to make any additional payment after receipt of the additional information from the public adjuster.

### KNOWLEDGE AND INTENT

54. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

### DAMAGES AND PRAYER

55. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff herein, complains of Defendant **CHURCH MUTUAL INSURANCE COMPANY** and prays that, be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant judgment of actual damages, including all amounts due and owing under the policies of insurance at issues; actual damages as enumerated above; attorneys' fees and costs associated with the prosecution of this action; punitive damages in an amount calculated to deter **CHURCH MUTUAL INSURANCE COMPANY** and those similarly situated from like conduct in the future; pre-judgment interest on all such amounts, in an amount to be established at the trial of this action.

56. Plaintiff also prays for any other relief, both legal and equitable, to which he may be entitled.

57. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

**JURY DEMAND**

58. Plaintiff respectfully demands a **trial by jury**.

Respectfully Submitted, this the 18th day of January, 2019.

Respectfully submitted,

**Luckey & Mullins, PLLC**

By: _____
**Stephen W. Mullins**
State Bar No: 9772
Email: smullins@luckeyandmullins.com
1629 Government Street
Ocean Springs, MS 39564
Telephone: 228-875-3175
Facsimile: 228-872-4719

**ATTORNEY FOR PLAINTIFF
THE DEWEY STREET CHURCH OF
CHRIST D/B/A CHURCH OF CHRIST**